# Supreme Court of Texas

No. 25-0977

In re Nelda Johnson,

*Relator*

On Petition for Writ of Mandamus

JUSTICE YOUNG, with whom Justice Devine and Justice Busby join, concurring in the denial of the petition for writ of mandamus.

President Lincoln rightly declared that our government is "for the people." Taking pro se relator Nelda Johnson's allegations as true, I am concerned about our government's interactions with her at a very difficult time in her life. Her access to the judicial system ought not be necessary under the circumstances she describes, but if it is, navigating it ought to be much less onerous. Because I have faith that the lower courts and the Department of State Health Services will work with Johnson to accomplish her very modest goals (assuming, once again, the validity of her request, something that the government has not contested), I concur in the Court's decision to deny her mandamus petition. If a solution is not forthcoming, she can of course file another petition—one that, as with all petitions, the Court will also carefully consider.

Johnson alleges that in March 2025 she discovered the body of her son and reported his death to the police. She signed a contract with a

funeral home to handle her son's remains, paid for the funeral, and provided information to the coroner and the funeral-home director about her son's doctor, who signed the death certificate. Under Johnson's reading of Texas law (the merits of which I do not address), she should have been listed as the informant on the death certificate. But when she reviewed the certificate, she found that someone else had been listed as the informant. So Johnson reached out to the funeral home to correct the information that she claims is inaccurate.

What followed was Kafkaesque, eventually driving a grieving mother to seek the aid of her state's highest court. The funeral home refused to return her calls. She then reached out to the Vital Statistics Unit within the department and explained her difficulties with the funeral home. Vital Statistics told Johnson *not* to submit a VS-172 form, as Johnson was apparently inclined to do, "because she would need a court order to make any changes to her son's death certificate." Johnson "asked Vital Statistics what court or what documents would be required for a court order," and she was told "that no one knows which court, forms or process she needed to get [the] required court order." No one knew "which court had jurisdiction."

Johnson next "contacted her representatives and every court." That included "her city councilman, county commissioner's office, congressperson, senator, Justice of the Peace, District Court Clerk," and the department. "The representatives informed her they did not know which court, forms or process she needed to pursue to get [the] required court order," but they were "shocked at the level [of] roadblocks she was running into for simple changes." Johnson also contacted several attorneys, who confirmed that she is the actual informant under Texas law and that she should be able to

2

obtain an amended death certificate by submitting a VS-172 form. She says that even the governor's office became involved, also telling her "that she should be able to make changes with [a] VS-172 form." In short, Johnson recounts, she "exhausted every avenue and had no alternative, but to seek relief from this court."

We ordered a response to Johnson's petition. In that response, the department does not challenge Johnson's factual allegations or deny that she should have been listed as the informant on her son's death certificate. Yet the department does not assure the Court that it is looking into the matter and will do what it can to help. Instead, the department argues that Johnson lacks standing because it was the funeral home—not the department—that created the inaccurate information. The department also argues that sovereign immunity bars Johnson's claims. The response does, however, provide a roadmap for Johnson to follow: "file an action in probate court, a justice of the peace, or district court" and obtain a court order to amend the certificate, then "submit a VS-172 form and provide a certified copy of that court order."

After the department submitted its response, Johnson filed a motion in which she alleges that the assistant attorney general assigned to the case emailed her in January 2026 "with forms attached to submit [to] another Court to get changes to [the] death certificate." But Johnson "checked with the Courts and the Courts had no process for the forms." In other words, based on her understanding of the byzantine process described to her, she is back to square one.

I am not assigning blame for Johnson's troubles. I do not have all the facts, and it is a regrettable truth that government offices do not have

3

unlimited time and resources to devote to every request. But neither should our government lose sight of its purpose: serving the people, including people untrained in the law with everyday needs caused *by* the law. When those needs arise under terrible circumstances—like a child's death—any of us would hope for a humane response. The idea that something as seemingly simple as Johnson's objective has generated so much angst and so few solutions is hardly an anecdote in praise of complex government.

The department and the attorney general's office (the department's counsel) have now represented to Johnson how she can have her son's death certificate corrected, which may be important for various reasons. To the extent allowed by law and by their limited staff, I hope that they will facilitate her efforts to comply with whatever regulatory maze she confronts. This case likewise illustrates the continuing problem of access to the civil-justice system for those with seemingly minor problems. A pro bono attorney willing to assist Johnson's currently pro se efforts would contribute not just to solving her specific problems but to illustrating how the legal profession—and not just the government as a whole—can be one that exists, at least in part, to be of service "for the people."

Evan A. Young
Justice

**OPINION FILED:** May 15, 2026